**[J-18-2019]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 755 CAP |
| | : | |
| Appellee | : | Appeal from the Orders entered on |
| | : | January 29, 2003, March 25, 2003 |
| | : | and August 26, 2011 in the Court of |
| v. | : | Common Pleas, Philadelphia County, |
| | : | Criminal Division at CP-51-CR- |
| | : | 1031752-1988, denying in part post |
| KEVIN PELZER, | : | conviction relief. (Nunc pro tunc |
| | : | appeal rights reinstated on June 1, |
| Appellant | : | 2017.) |
| | : | |
| | : | SUBMITTED:  February 4, 2019 |

## CONCURRING STATEMENT

**JUSTICE DOUGHERTY**                                   **FILED: November 26, 2019**

I join the Court's decision to dismiss the instant appeal and remand to the Philadelphia Court of Common Pleas for sentencing pursuant to our previous mandate in *Commonwealth v. Daniels and Pelzer*, 104 A.3d 267, 319 (Pa. 2014).  However, it is my position that, should Pelzer seek future relief in connection with his recusal-based due process claim that led to the instant *nunc pro tunc* appeal before this Court, the remedy, if deemed warranted by the trial court, must be limited in the manner described in my Opinion in Support of Affirmance in *Commonwealth v. Taylor*, __ A.3d __, 2019 WL 5782165 (Pa. filed Nov. 6, 2019) (Dougherty, J., Opinion in Support of Affirmance) (the only constitutionally available remedy where a petitioner successfully pleads and proves in a timely PCRA petition that a constitutional violation occurred during the appellate process is reinstatement of the *nunc pro tunc* right to seek reargument of the original appellate decision pursuant to Pa.R.A.P. 2543).

Justice Mundy joins this concurring statement.